2011 OK CIV APP 6

**STATE of Oklahoma, Plaintiff/Appellee,**

v.

**Randy Lewis YOUNG, Defendant,**

**Safety National Casualty Corporation, Surety/Appellant.**

**No. 108018.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 3, 2010.

---

Carrie E. Hixon, Office of the District Attorney, Duncan, OK, for Plaintiff/Appellee.

Jeffrey L. Hatfield, Oklahoma City, OK, for Surety/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Surety/Appellant Safety National Casualty Corporation (Surety) appeals from the trial court's order denying Surety's Motion to Set Aside Forfeiture, Exonerate Bond, and Return Surety's Property. Surety claims its risk was materially increased because a different county released Defendant Randy Lewis Young on bond after he entered a guilty plea in another case. We find no abuse of discretion and affirm.

¶2 Young was charged by Information filed September 27, 2007 in Stephens County Case No. CF–2007–297.[1] Young was released after bondsman Geary Litton and Surety executed an Appearance Bond for $100,000 on behalf of Young October 16, 2007. The Order and Judgment of Forfeiture was filed August 6, 2008. The court found that Young failed to appear and directed Surety to pay $100,000 to the court. Surety paid the forfeited funds November 6, 2008.

¶3 Surety filed its Motion to Set Aside Forfeiture, Exonerate Bond, and Return Surety's Property November 2, 2009. In addition to the chronology above, Surety asserted that before Young's failure to appear in Stephens County in this case, he entered a guilty plea April 23, 2008 to a charge of trafficking in illegal drugs in Comanche County Case No. CF–07–483. Surety noted that 22 O.S.2001 § 1077 prohibits bond on appeal after conviction of trafficking in illegal drugs, and that § 1077 is triggered by a guilty plea; nevertheless, the Comanche County District Court had allowed Young to remain free on bond pending sentencing.[2] Surety contended that the Comanche County District Court should have held Young without bail pending sentencing after his guilty plea, and that if the court had complied with

---

1. The charges were felony trafficking in illegal drugs and misdemeanor possession of drug paraphernalia.

2. Surety had also executed a separate $100,000 bond for Young September 10, 2007 in the Comanche County case.

§ 1077, Young would not have failed to appear in this case and the bond would not have been forfeited. Surety argued that therefore the bond forfeiture in this case should be set aside for good cause under 59 O.S.2001 § 1332(C)(5).

¶4 Hearing on Surety's motion was held November 16, 2009, and the trial court issued its Order Denying Motion to Set Aside Forfeiture and Return Surety's Property January 20, 2010. The court found Surety had not shown good cause to set aside the forfeiture. Surety appeals.

■ ¶5 We will not disturb the trial court's decision on a motion to vacate a bond forfeiture absent a finding of abuse of discretion. *State v. Salcedo–Rubio,* 2008 OK CIV APP 89, 195 P.3d 1286. Surety first notes that a bond forfeiture will not lie where the defendant is in the custody of another court, pursuant to 59 O.S.Supp.2008 § 1332(E)(1). Surety contends that if the Comanche County District Court had complied with § 1077 by holding Young without bail after his guilty plea, then he would have been in the custody of another court and the bond could not have been forfeited. Surety's next claim is that its surety agreement was materially altered by Comanche County's release of Young after his guilty plea to an enumerated offense for which an appeal bond is not allowed. Surety lastly claims the trial court abused its discretion in not finding good cause to vacate the forfeiture.

¶6 At the hearing on Surety's motion, Surety agreed that Young had appeared in this case on May 20, 2008, for a preliminary hearing conference, and on May 22, 2008, for felony arraignment. Both of those appearances came after Young's guilty plea and release on bond in Comanche County.[3] Young did not appear for the August 6, 2008 jury trial, at which time the bond was forfeited. Surety's argument that it was certain Young would not appear after pleading guilty to a felony in another county, and therefore facing a long sentence, is belied by the fact that Young did appear in this case twice after his guilty plea.

■ ¶7 While it may be true that a forfeiture would not lie if Young had been in custody in another county at the time he failed to appear in this case, that fact is not relevant to the risk Surety assumed in this case.[4] Surety posted bond and assumed the risk that Young would not appear before Young's guilty plea in Comanche County. Nothing in the record suggests that Surety posted bond in this case in reliance on his later being held by another county at the time for his appearance in this case. For similar reasons, we find the Comanche County District Court's decision to release Young on bond pending sentencing did not materially alter the risk undertaken by Surety in Stephens County without notice to Surety. See *Salcedo–Rubio, supra.*

■ ¶8 Finally, we find no abuse of discretion in the trial court's denial of Surety's motion. The statutory provision for vacating a forfeiture for good cause requires a showing of good cause for the defendant's failure to appear.[5] Surety's argument is that Young was certain not to appear for sentencing after his guilty plea because he faced a long sentence. We are not persuaded that circumstance constitutes good cause for a defendant not to appear.

AFFIRMED.

HANSEN, J., and HETHERINGTON, J., concur.

---

3. At either of these appearances, Surety could have surrendered Young pursuant to 59 O.S.2001 § 1327(A).

4. Title 59 O.S.2001 § 1332(E)(1) states that forfeiture shall not lie if "defendant's failure to appear was the result of the defendant's death or of being in the custody of a court other than the court in which the appearance was scheduled." We will not read the statute to prevent forfeiture if the defendant *should have been* in the custody of another court. This would go far beyond the language of the statute which contemplates physical impossibility for the defendant to appear.

5. 59 O.S.2001 § 1332(C)(5) provides:

The court may, in its discretion, vacate the order of forfeiture and exonerate the bond where good cause has been shown for:
a. the defendant's failure to appear, or
b. the bondsman's failure to return the defendant to custody within ninety (90) days.